UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO DE SANTIAGO HERNANDEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-05249 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

United States District Court
Eastern District of California

This matter is before the Court on Petitioner Antonio de Santiago Hernandez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, in which he argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without the opportunity for release on bond violates his Fifth Amendment right to due process. Respondents oppose relief, arguing that Petitioner's detention is mandatory under both 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1225(b). *See* Dkt. No. 7 at 1. For the reasons set forth below, the Court grants the petition in part, and orders the Government to hold a bond hearing regarding Petitioner's detention within fourteen days.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Mexico who entered the United States without being inspected or paroled by immigration authorities some time in 2005. Dkt. No. 7-1 at 3. Records submitted by Respondents indicate that Petitioner has "no immigration history," and Petitioner has offered no facts to the contrary. *Id*. He further has a lengthy criminal history with arrests spanning from 2007 to the most recent occurring on January 25, 2026. Dkt. No. 7-3 at 12–13. Relevant here is Petitioner's

conviction in 2021 for stalking under Cal. Penal. Code § 646.9(b), which Respondents maintain renders his current detention mandatory under § 1226(c)(1)(A). Dkt. No. 7 at 2–3; Dkt. No. 7-3 at 10.

On or around January 25, 2026, ICE was notified that Petitioner was recently arrested by police. Dkt. No. 7-1 at 2. ICE subsequently arrested Petitioner following his release from Santa Clara County Jail on April 14, 2026. *Id*. That same day, Petitioner was served with a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States who has not been admitted or paroled," and placing him in removal proceedings. Dkt. No. 7-2 at 1. The instant petition, seeking either release from custody or a bond hearing, followed.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his now five months of detention without the opportunity for release on bond violates his right to due process. *See* Dkt. No. 1 at 6. Respondents oppose relief, arguing that Petitioner is subject to mandatory detention under § 1226(c)(1)(A) because of his conviction for stalking, and that he is also subject to mandatory detention under § 1225(b). Dkt. No. 7 at 2–4.

United States District Court
Eastern District of California

For the reasons that follow, the Court finds that Respondents are incorrect, and that due process entitles Petitioner to a custody hearing.

**A. Detention Authority**

Section 1226(c)(1)(A) states that the "Attorney General shall take into custody any [noncitizen] who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving moral turpitude. 8 U.S.C. § 1182(a)(2)(i)(I). Though Petitioner was convicted for stalking under Cal. Penal. Code § 646.9(b), Respondents have not demonstrated that Petitioner was detained pursuant to § 1226(c)(1)(A). "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). As such, "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where [DHS] [ ] has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026); *see also Miao v. Chestnut,* No. 1:26-CV-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026). In other words, where the Notice to Appear placing the non-citizen in removal proceedings "failed to charge or notify a detainee of an offense covered by § 1182(a)(2)" as a reason for inadmissibility, "§ 1226(c)(1)(A) does not govern their detention." *S.G.*, 2026 WL 2475525, at *2.

Here, Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. *See* Dkt. No. 7-2 at 1. The Notice to Appear submitted by Respondents does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference his criminal record. As such, Respondents have failed to show that § 1226(c)(1)(A) controls Petitioner's detention.

The Court further rejects Respondents' argument with respect to § 1225(b). The Ninth Circuit has rejected the contention that noncitizens present in the United States without admission, and arrested by ICE in the interior of the United States—as was the case with Petitioner here—may be mandatorily detained under § 1225(b). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Noncitizens in this category "are subject to the detention regime of § 1226, not § 1225(b)(2)(A)[,]" and entitled to receive a bond hearing before an immigration judge. *Id.*

**B. Due Process**

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under the incorrect statutory authority, and otherwise has not been previously detained by immigration authorities or interacted with immigration authorities in any way. Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226(a)); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *See Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence demonstrating that they abided by § 1226(a)'s requirements when detaining Petitioner, including arresting him upon an administrative warrant. Additionally,

United States District Court
Eastern District of California

Petitioner's prior criminal history suggests that detention may be proper. Respondents, however, must establish that continued detention is necessary at a bond hearing which Petitioner is statutorily entitled to.

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 30, 2026

EDWARD J. DAVILA
United States District Judge